AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
9/21/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: DTA   DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
09/21/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: JD   DEPUTY

United States of America

v.

LUIS VILLEGAS-GARCIA,

Defendant(s)

Case No. 8:21-mj-00629-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 19, 2021, in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry into the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Eric Barrett*
*Complainant's signature*

Eric Barrett, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: September 21, 2021

*Karen E. Scott*
*Judge's signature*

City and state: Santa Ana, California

Hon. KAREN E. SCOTT, U.S. Magistrate Judge
*Printed name and title*

AUSA: Ann Luotto Wolf, x3533

**AFFIDAVIT**

I, Eric Barrett, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Special Agent ("SA") with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since July 2019. I attended the HSI Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC"), in Glynco, Georgia. At FLETC, I received training in conducting criminal investigations into narcotics smuggling, human smuggling, interdiction, and distribution of controlled substances.

2. I am currently assigned to the Los Angeles Border Enforcement Security Taskforce ("LA BEST") in Los Angeles, California, and have been so assigned since March 2021. LA BEST is a multiagency task force aimed at identifying, targeting, and eliminating vulnerabilities to the security of the United States related to the Los Angeles/Long Beach seaport complex, as well as the surrounding transportation and maritime corridors. My responsibilities include the investigation of violations of federal criminal laws, including crimes involving money laundering, narcotics trafficking, smuggling, fraud, and immigration violations.

3. Prior to my tenure as an SA, I was employed by Customs and Border Protection as a Seized Property Specialist and

previously employed by the Drug Enforcement Administration as an Evidence Specialist.  I was employed by the Federal Bureau of Prisons as a Correctional Officer from July 2014 to August 2016.  I previously served in the United States Army from 2009 through 2013, serving as an Infantryman.  I received a Bachelor of Science in Criminal Justice and a master's degree in public policy administration from California State University Long Beach.  I have completed all course work for a Doctorate of Education in Organizational Leadership and am currently completing my dissertation from Pepperdine University.

4.   I have participated in numerous criminal investigations involving narcotics importation or distribution and human smuggling.  Through these investigations, I am familiar with the methods and practices of drug users, drug traffickers, drug manufacturers, and human smugglers.  I have also spoken at length with other HSI SAs and local law enforcement officers regarding methods of drug trafficking and human smuggling.

## II. PURPOSE OF AFFIDAVIT

5.   This affidavit is made in support of a criminal complaint against Luis VILLEGAS-Garcia ("VILLEGAS") for a violation of Title 8, United States Code, Section 1326(a): Illegal Reentry into the United States Following Deportation or Removal.

6.   Because this affidavit is being submitted for the limited purpose of securing the requested criminal complaint, I have not attempted to include each and every fact that may be

known to me and other law enforcement personnel concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause for the requested criminal complaint.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part, unless otherwise indicated.  The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, reports and database queries, and, where noted, my personal knowledge and training and experience.

### III. STATEMENT OF PROBABLE CAUSE

7.   On or about September 19, 2021, VILLEGAS was found in the United States in connection with a human-smuggling operation.  Specifically, on September 19, 2021, United States Border Patrol Agent ("BPA") Jose Pineda received a call to respond to the Orange County Sheriff's Harbor Division station located in Dana Point, CA.  BPA Pineda accompanied Orange County Sheriff's Department ("OCSD") deputies on their patrol vessel to assist with a boarding of a suspicious vessel that appeared to be inoperable.  At approximately 1:40 a.m., the patrol vessel located the disabled vessel and identified three passengers above deck.

8.   Once the patrol vessel was alongside the disabled vessel, BPA Pineda and OCSD identified themselves as law enforcement officers and asked the three Hispanic male passengers what they were doing.  One of the passengers stated they were waiting for fuel and they were good.  OCSD asked the same passenger if there was anybody else on board.  The

passenger replied, no.  BPA Pineda and OCSD questioned the passenger why the cabin doors to the vessel were closed.  The passenger stated because it was cold.

9.   Based off BPA Pineda's years of experience with maritime smuggling, he had reasonable suspicion to believe a possible maritime human smuggling event was taking place.  BPA Pineda and OCSD had the three passengers transfer over to the patrol vessel.  BPA Pineda and a OCSD deputy boarded the disabled vessel to conduct a search.  BPA Pineda saw multiple passengers inside the vessel's cabin area.  In Spanish, BPA Pineda identified himself as a United States Patrol Agent to the passengers below the deck.  BPA Pineda questioned all passengers about their citizenship status and if they had any immigration documents to enter or remain in the United States.  All passengers, including VILLEGAS, stated in Spanish that they were citizens and nationals of Mexico with no immigration documents.

10.  All sixteen non-citizens were taken into custody by Border Patrol and transported to the San Clemente Border Patrol Station for processing.

11.  A DHS record check revealed that VILLEGAS previously sustained the following felony criminal convictions:

    a.   On December 23, 1997, for a violation of California Health & Safety Code § 11351 – Possession for Sale of a Controlled Substance.  VILLEGAS was sentenced to six months of incarceration.

        b.    On April 27, 2001, for the offense of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). VILLEGAS was sentenced to 60 months of imprisonment.

        c.    On February 13, 2010, for the offense of California Health & Safety Code § 11351 – Possession for Sale of a Controlled Substance. VILLEGAS was sentenced to 180 days of incarceration and 5 years of probation.

        d.    On April 5, 2010, for Entry of an Alien at Improper Time or Place Misrepresentation/Concealment in violation of 8 U.S.C. § 1325. VILLEGAS was sentenced to 37 months of incarceration and 36 months of supervised release.

    12.    A DHS record check showed VILLEGAS was removed/deported to Mexico from the Eagle Pass, Texas Port of Entry on January 19, 2013.

    13.    VILLEGAS was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

14. For the reasons described above, there is probable cause to believe that Luis VILLEGAS-Garcia has committed a violation of Title 8, United States Code, Section 1326(a): Illegal Reentry into the United States Following Deportation or Removal.

/s/
Eric Barrett
Special Agent
Homeland Security
Investigations

Attested to by the applicant in
accordance with the requirements of
Federal Rule of Criminal Procedure 4.1
by telephone on this the <u>21st</u> day of September 2021.

*Karen E. Scott*

HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE